## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DANMAR LINES, LTD., | |
|       Plaintiff, | |
|   v. | **Case No.** |
| CMA – CGM S.A., | |
|       Defendant. | |

### COMPLAINT

Plaintiff DANMAR LINES, LTD. ("DANMAR" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendant CMA–CGM S.A. ("CGM" or "Defendant"), alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

2.      The Court also has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 in that the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      The Court also has pendent, ancillary, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Plaintiff also brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      DANMAR is a corporation organized and existing pursuant to the laws of Switzerland.  DHL Global Forwarding acted as its agent with respect to the matters herein.

7.      CGM is a corporation organized and existing under the laws of a foreign country with its principal place of business in a foreign country, and was and now is engaged in business as a carrier of merchandise by sea, rail, and by road for hire, and maintains a place of business in Lisle, Illinois.

8.      CGM was and now is in business as a carrier of goods by sea with a place of business at 4225 Naperville Road, Suite 180, Lisle, Illinois 60532.

9.      Alternatively, CGM does business in the State of Illinois and is subject to the jurisdiction of this Court.

10.      Further alternatively, CGM is subject to *in personam* jurisdiction in this Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

11.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Defendants are registered to do business in the State of Illinois and do business here.  Defendant organizes and/or runs routes through Illinois, and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391(b)(l) and (c).

## FACTS

12.      Plaintiff issued Bill of Lading CKG010722 for the carriage of certain cargo from Chongqing, China to Chicago, Illinois (the "Shipment").

13.      Plaintiff arranged for Defendant CGM to carry the Shipment from Yantian, China to Chicago, Illinois pursuant to an CGM Bill of Lading.

14.      The cargo claimants and its subrogated insurers (the "Claimants") allege that the Shipment was not in like good order when delivered.

- 2 -

15.     The Claimants have made a claim against Plaintiff in the amount as best as can be ascertained of $80,000.

### FIRST CAUSE OF ACTION

16.     Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

17.     Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

18.     While denying any liability for the alleged damages if the Shipment was not delivered in like good condition as alleged by Claimants, and if Plaintiff is held liable or caused to make payment for such, such damages resulted solely from the fault, negligence, gross negligence and/or lack of care, breach of contract, breach of warranty (express or implied), omission or other wrongful act on the part of the Defendant, its agents, or sub-contractors.

19.     As a result of the foregoing, Plaintiff claims against Defendant for any and all sums which Plaintiff may be required to pay to Claimants, including attorneys' fees and expenses.

### SECOND CAUSE OF ACTION

20.     Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

21.     Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

22.     While denying any liability for the alleged damages if Plaintiff should be held liable to Claimants, Plaintiff asserts that it shall be entitled to damages and/or indemnity and/or contribution from Defendant as a result of breach of contract.

### THIRD CAUSE OF ACTION

23.     Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

24.     Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

25.     While denying any liability for damages to the Claimants, if Plaintiff should be adjudged liable to Claimants, Plaintiff asserts that any and all injuries and damages allegedly sustained by Claimants were the proximate result of the actions of the Defendant.  As such, Defendant is liable to Plaintiff, by way indemnification and/or contribution, for any and all sums which it may be required to pay in this action, including attorneys' fees and expenses.

### FOURTH CAUSE OF ACTION - BREACH OF CONTRACT OF CARRIAGE

26.     Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

27.     Defendant breached its obligations and duties under its contract(s) of carriage with respect to the cargo by allegedly failing to deliver it in like good order and condition.

28.     By reason of the foregoing, Defendant caused damage to Plaintiff and is liable for the full sum Plaintiff suffers to Claimants, plus attorneys' fees and expenses.

### FIFTH CAUSE OF ACTION - BAILMENT

29.     Plaintiff repeats and realleges paragraphs 1-15 as if fully set forth herein.

30.     Defendant acted as a bailee of the cargo for good consideration.  Defendant was thereby a bailee who warranted and had a legal duty to safely keep, care for, and deliver the cargo in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner.  Defendant breached those bailment obligations and negligently failed to deliver the cargo in as good condition as when entrusted to it.

31.     By reason of the foregoing, Defendant is liable to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount which as nearly as can now be estimated of up to or exceeding U.S. $80,000.

- 4 -

## PRAYER FOR RELIEF

WHEREFORE, while denying any liability for damages for the Shipment if Plaintiff should be held liable to Claimants, Plaintiff prays that the Court enter a judgment on its Complaint against Defendant CMA-CGM, S.A. for all sums it is caused to pay in the way of settlement as is held liable for, plus fees incurred in defense of the claim and in this action, plus an award of costs, costs of suit, interest, and reasonable attorney's fees, and for such other relief as the Court deems just and proper.

**DANMAR LINES, LTD.**

Dated: March 31, 2016

By:    */s/ Emily L. Hussey*
                *One Of Its Attorneys*

Emily L. Hussey (ARDC# 6306214)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
(312) 499-6700
ELHussey@duanemorris.com

- 5 -